UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jeannette M. Roman

_____

Write the full name of each plaintiff.

-against-

ACMH, Inc.

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

**18 CV 7114**

____CV_____

(Include case number if one has been assigned)

Do you want a jury trial?

☒ Yes   ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 3/24/17

I.   PARTIES

A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Jeannette | M. | Roman |
|---|---|---|
| First Name | Middle Initial | Last Name |

201 E. 33rd St, Apartment 3D
Street Address

| New York | NY | 10016 |
|---|---|---|
| County, City | State | Zip Code |

(646) 691-8896
Telephone Number

JEANNETTEM ROMAN@YAHOO.COM
Email Address (if available)

B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:   ACMH, Inc.
Name

254 W. 31st St, 9th Floor
Address where defendant may be served

| New York | NY | 10001 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:
Name

Address where defendant may be served

| County, City | State | Zip Code |

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                State           Zip Code

## II.  PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

ACMH, Inc.
Name

254 W. 31st St, 9th Floor
Address

New York                    NY              10001
County, City                State           Zip Code

## III.  CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

- ☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

- ☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: **1940**

- ☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

- ☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

- ☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

### B. Other Claims

In addition to my federal claims listed above, I assert claims under:

- ☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

- ☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

- ☐ Other (may include other relevant federal, state, city, or county law):

    _____

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- [x] did not hire me
- [ ] terminated my employment
- [ ] did not promote me
- [ ] did not accommodate my disability
- [ ] provided me with terms and conditions of employment different from those of similar employees
- [ ] retaliated against me
- [ ] harassed me or created a hostile work environment
- [ ] other (specify): _____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See attached.

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

- ☒ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge? _____

- ☐ No

Have you received a Notice of Right to Sue from the EEOC?

- ☒ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice? _____

    When did you receive the Notice? _____

- ☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

- ☒ direct the defendant to hire me
- ☐ direct the defendant to re-employ me
- ☐ direct the defendant to promote me
- ☐ direct the defendant to reasonably accommodate my religion
- ☐ direct the defendant to reasonably accommodate my disability
- ☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)
    See attached.

1. I am a 78 year-old woman residing at 201 E. 33rd St, Apartment 3D in New York City. At all times hereinafter mentioned, I resided in New York City.

2. Upon information and belief, defendant ACMH, Inc. is a private employer that employs more than twenty employees.

3. I have worked as a social worker for approximately fourteen years.

4. From 2005 through 2012, I was employed as a social worker at Federation Employment and Guidance Services ("FEGS"). I was placed in this position in 2005 by Access Staffing, an employment agency which places temporary employees at various institutions.

5. At FEGS, I worked as a case manager for adult patients with mental illness. My responsibilities at FEGS included the following: ensuring that patients went to medical appointments, ensuring that patients took their medications, referring patients to hospitals, writing patient notes, speaking to patients' psychiatrists, and referring patients to physicians, among other responsibilities.

6. Throughout my employment at FEGS, I understood that my supervisors viewed my job performance as satisfactory.

7. In or about 2010, when I had been working at FEGS for approximately five years, I was promoted from "case manager" to "social worker." I took and passed a written test, which I

1

believe was written by FEGS, to ensure that I was capable of performing my new job responsibilities.

8. In or about December 2012, my assignment with FEGS ended.

9. Around the time my assignment with FEGS ended, Access Medical told me that they would continue to send me open positions to which I could apply. However, Access Medical informed me that many of the open positions were for hospital social workers, positions which require a license in social work. They suggested that I acquire such a license.

10. I decided not to get a license because I already had master's degree in social work.

11. I began searching for a job immediately after my assignment with FEGS ended.

12. I listed Access Medical as my current employer on my resume, because I was still on Access' mailing list and continued to receive emails about current job postings.

13. My resume also reflected the fact that I had worked at the New York State Department of Labor from 2001 to 2003.

14. While I searched for a job, I made ends meet by tutoring Spanish.

15. On or about January 24, 2017, I submitted a written application for a Case Manager position with ACMH, Inc. ("ACMH").

16. A few months after I submitted my application, Jennifer, an ACMH employee, called me to arrange an interview.

17. On July 24, 2017, I was interviewed for a case management position at ACMH's headquarters at 254 West 31st Street in Manhattan by an ACMH employee named Jennifer and two other women. The interview lasted for approximately an hour and a half.

18. During the interview, Jennifer asked about my resume. I informed the interviewers that my last position as a social worker, which I had obtained through Access Staffing, had ended in 2012.

19. The interviewers asked how I had been employed since my last full-time position had ended. I informed them that I had been giving Spanish lessons and had been taking classes in the social sciences and other topics at the Henry George School of Social Science. At no point did I represent that I was currently working as a social worker.

20. At the close of the interview, Jennifer asked me to fill out an employment application. Jennifer told me that someone from ACMH would call me if a position opened up.

3

21. The employment application asked for my date of birth, which I provided. I returned the completed form to Jennifer. I did not mention my age to anyone on the day of the interview, nor did anyone follow up with questions regarding my age. I have no reason to believe that anyone took note of my date of birth when I filled out the original employment application on the day of my initial interview.

22. On or about August 23, 2017, approximately one month after the interview, I received a phone call from Mikaela Edwards of ACMH Human Resources. Ms. Edwards informed me that a position had opened at ACMH's location in Crotona, Bronx.

23. Ms. Edwards told me that the position was for a Case Manager serving patients with mental illnesses. She advised that the salary was $40,000 a year, and asked if I was interested in the position.

24. I told Ms. Edwards that I would accept the position and that I wanted to begin work as soon as possible.

25. Ms. Edwards told me that she would set up an appointment for me to be fingerprinted at 247 West 35th Street in Manhattan. Ms. Edwards did not ask for my date of birth in order to schedule the appointment.

26. On or about August 24, 2017, I was fingerprinted. At the appointment, I presented a copy of my New York State Non-Driver ID Card, which contained my date of birth.

27. On or about August 25, 2017, the day after my fingerprinting appointment, I received a phone call from Sharon Royer, the Director of Human Resources at ACMH. Ms. Royer asked me for my age and date of birth. I initially resisted answering the question, believing the question to be illegal. However, at Ms. Royer's insistence, I gave her my date of birth and informed her that I was seventy-seven years old.

28. Five minutes after our initial conversation, I received a second phone call from Ms. Royer. She told me that ACMH was rescinding the offer of employment. When I asked her why, she told me it was because I had lied on my employment application. Ms. Royer did not tell me how I had lied on my application, or give me an opportunity to clarify any perceived discrepancies.

29. ACMH rescinded its offer of employment because they learned that I was seventy-seven years old.

30. Defendant acted willfully and in reckless disregard of the law in depriving me of employment, solely because of my age.

31. I believe that I was discriminated against on the basis of my age owing to the fact that the alleged discrepancies in my resume and work experience were discussed during my initial interview with ACMH conducted on July 24, 2017.

32. For example, during my interview I mentioned that my last posting with Access Staffing had ended in 2012, and I informed the interviewer that I had been giving Spanish lessons as my primary source of income since then.

33. In their letter to New York State Division of Human Rights, ACMH claimed that I had lied and I had been terminated by Access Staffing because I had failed to maintain a license. This is false. My previous posting had ended in 2012, at which point Access Staffing had advised me that I would be able to obtain work as a hospital social worker if I obtained a license. At no point was I terminated by Access Staffing, as evidenced by the fact that I continue to receive job postings from them.

34. I have continued to seek employment by applying for social work jobs, but I remain unemployed.

35. As a result of the foregoing, I have lost wages and fringe benefits, prospective retirement benefits and other job rights from the period beginning in August 2017 to the present.

36. I request judgment against the defendant as follows:

    a. Compensatory damages in the form of back pay, front pay, and compensation for lost benefits.
    b. Punitive damages in such amount as the court deems appropriate.

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated: 8/6/18

Plaintiff's Signature: Jeannette Roman

First Name: JEANNETTE    Middle Initial: M    Last Name: ROMAN

Street Address: 201 East 33rd Street Apt 3D

County, City: New York    State: NY    Zip Code: 10016

Telephone Number: 646 691 5896    Email Address: Jeannettemroman@yahoo.com

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☑ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

EEOC Form 161 (11/16)              **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jeannette M. Roman<br>201 E. 33rd St., Apt.#3D<br>New York, NY 10016 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2018-01321 | Holly M. Shabazz,<br>State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____          June 22, 2018
Kevin J. Berry,                                              *(Date Mailed)*
District Director

Enclosures(s)

cc:
Attn: Director of Human Resources
ACMH, INC.
254 West 31st Street, 9th Floor
New York, NY 10001

Douglas Klein, Esq.

Taubman Kimelman & Soroka, LLP
Philip E. Taubman, Esq.
30 Vesey Street, 6th Floor
New York, NY 10007